IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

USF INSURANCE COMPANY,            )
                                  )
            Plaintiff             )
                                  )
      v.                          )     1:11CV410
                                  )
                                  )
BULLINS PAINTING, INC. and        )
DONNIE BULLINS,                   )
                                  )
            Defendants            )
                                  )
_____   )

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiff USF Insurance Company's Motion to Enter Default Judgment against Defendants Bullins Painting, Inc. and Bullins Painting's president, Donnie Bullins, pursuant to Federal Rule of Civil Procedure 55(b), and Defendants' Motion to Set Aside an Entry of Default pursuant to Federal Rule of Civil Procedure 55(c). For the reasons discussed below, Defendants' motion to set aside the entry of default [Doc. # 13] is GRANTED, and Plaintiff's motion to enter default judgment against Defendants [Doc. # 10] is DENIED.

I.

On May 20, 2011, USF filed a Complaint [Doc. # 1] with this Court seeking a declaratory judgment that a general liability insurance policy it issued to Bullins provides no coverage for Bullins in a wrongful death dispute currently pending in New Hampshire District Court. See Samuel Lee Sexton, Sr. v. Utility Services Co., Inc., No. 10-400 (D.N.H. filed Sept. 10, 2010). USF allegedly sent a copy of the Complaint with waivers of service to Bullins on May 24, 2011. See Doc. # 17 at 1. When the waivers of service

were not returned, USF's attorney claims to have called and left a message for Mr.
Bullins. See Doc. # 17-1, ¶ 4. USF's attorney claims Mr. Bullins returned this call on
August 25, 2011, and that he then informed Mr. Bullins about the nature of the lawsuit
and the impending service of a Complaint, and told him that an Answer would be
required. Id. Mr. Bullins claims that he was not represented by counsel at that time.
Doc # 14, ¶ 3. The Complaint was served on August 26, 2011. See Doc. # 4. USF
claims to have attached to the Complaint a letter memorializing the phone conversation,
stating that USF is asking the federal court in the Middle District of North Carolina for a
declaratory judgment regarding the insurance coverage, and listing among the enclosed
documents "[t]wo Summonses, directing that you file an Answer to the lawsuit 21 days
after service (not counting the day you received it) (again, one for you and one for
Bullins Painting)." Doc. #17-1 at 5-6. After Bullins did not answer the Complaint, USF
filed a motion for default judgment on November 2, 2011 [Doc. # 5]. After some
communication with the Court regarding USF's failure to first seek entry of default, USF
revised this motion on December 14, 2011 to a motion for entry of default [Doc. # 8].
Bullins's default was then entered on December 15, 2011 [Doc. # 9], and USF claims to
have sent another letter to Bullins enclosing the entry of default. See Doc. # 17-1, ¶ 7.
USF moved for default judgment on January 20, 2012 [Doc. # 10]. Bullins claims that
he then sought representation, retaining his current counsel on February 10, 2012. See
Doc. # 14, ¶ 7. Bullins filed an Answer to the Complaint on February 14, 2012 [Doc. #
12], and a motion to set aside the entry of default on February 22, 2012 [Doc. # 13].

II.

The Court may set aside an entry of default "for good cause." Fed. R. Civ. P.

55(c). The Fourth Circuit has held that Rule 55 should be "liberally construed," <u>Lolatchy v. Arthur Murray, Inc.</u>, 816 F.2d 951, 954 (4th Cir. 1987), and has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." <u>Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.</u>, 616 F.3d 413, 417 (4th Cir. 2010) . The factors used to determine if there is "good cause" to set aside an entry of default are "(1) whether the moving party has a meritorious defense, (2) whether it acts with reasonable promptness, (3) the personal responsibility of the defaulting party, (4) the prejudice to the party, (5) whether there is a history of dilatory action, and (6) the availability of sanctions less drastic." <u>Payne v. Brake</u>, 439 F.3d 198, 204-05 (4th Cir. 2006). "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so the case may be heard on the merits." <u>Tolson v. Hodge</u>, 411 F.2d 123, 130 (4th Cir. 1969). The majority of these factors support setting aside the entry of default.

As to the first factor, in order to establish a meritorious defense, "all that is necessary... is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." <u>United States v. Moradi</u>, 673 F.2d 725, 727 (4th Cir. 1982). Here, Bullins answers the complaint by denying the allegations therein and stating that the contract speaks for itself. <u>See, e.g.</u> Doc. # 15, ¶¶ 7-12, 14-18. It also lists several affirmative defenses including waiver, estoppel, and the fact that the contract is ambiguous and as such must be construed against USF. <u>See id.</u> at 1, 10-11. Bullins does not proffer any evidence other than the language of the contract itself in support of these defenses. While contractual language is certainly key

-3-

evidence in a case addressing a party's contractual obligations, it is doubtful that defendant's allegations constitute a proffer of evidence sufficient to make the first factor support setting aside the entry of default. However, in this context they are sufficient to establish that Bullins's defense is not wholly futile. The first factor is at worst neutral. See Solis v. Hickman, No. 11-279, 2012 WL 263461, at *2 (M.D.N.C. Jan. 30, 2012) (where defaulting party's Answer "consist[ed] of little more than a page of primarily single-word or single-sentence responses," the factor did not weigh either for or against setting aside entry of default).

As to the second factor, whether a party has taken reasonably prompt action to set aside an entry of default "must be gauged in light of the facts and circumstances of each occasion." Moradi, 673 F.2d at 727. Mr. Bullins first consulted an attorney two months after default was entered and three and a half months after he was notified that USF was seeking default judgment. Bullins's attorney moved to set aside the entry of default less than two weeks after being retained – approximately one month after USF filed its proper motion for a default judgment. It should be noted that the initial period of delay included the winter holidays, that Mr. Bullins claims he was not represented by counsel at the time, and that USF itself was then managing Bullins's defense in the related New Hampshire case. In light of all these facts and circumstances, Bullins acted with reasonable promptness in attempting to set aside the entry of default. See Vick v. Wong, 263 F.R.D. 325, 330 (E.D.Va. 2009) (finding reasonably prompt action where the Defendant did not respond for more than two months after clerk entered default, but responded a few weeks after plaintiff filed motion for entry of default judgment). The second factor weighs in favor of setting aside the entry of default.

-4-

As to the third factor, the Fourth Circuit has explained that:

> This focus on the source of the default represents an equitable balance between our preference for trials on the merits and the judicial system's need for finality and efficiency in litigation. When the party is blameless and the attorney is at fault, the former interests control and a default judgment should ordinarily be set aside. When the party is at fault, the latter interests dominate.

Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988). There is no dispute that Bullins is personally responsible for the default. It was not the result of attorney or administrative negligence. The third factor weighs against setting aside the entry of default.

As to the fourth factor, in determining whether a plaintiff would be prejudiced if the entry of default were set aside, "delay in and of itself does not constitute prejudice to the opposing party." Colleton Preparatory Acad., 616 F.3d at 418. Instead, courts are to look to factors such as whether there was a "missing witness in the case whose testimony was made unavailable by the delay," whether there were "any records made unavailable by the delay," or whether there was "any evidence for the plaintiff which could have been presented earlier, the presentation of which was prevented by the delay." Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 952 (4th Cir. 1987). USF has not argued that it would be prejudiced by setting aside the entry of default, nor does the record suggest a risk of prejudice. The fourth factor weighs in favor of setting aside the entry of default.

As to the fifth factor, the Fourth Circuit generally examines a party's "history of dilatory action" by referencing any such history aside from the delay causing the default itself. See, e.g. Colleton Preparatory Acad., 616 F.3d at 418. While Bullins was certainly dilatory in its response to this motion, the record contains no evidence of any

-5-

Case 1:11-cv-00410-NCT-LPA   Document 18   Filed 09/25/12   Page 5 of 6

other dilatory conduct with regards to this suit or the related New Hampshire suit. The fifth factor weighs in favor of setting aside the entry of default.

As to the sixth factor, it has not been disputed that less drastic sanctions, such as awarding USF the costs it incurred in seeking default, could be available on the plaintiff's motion. The sixth factor weighs in favor of setting aside the entry of default.

III.

In sum, four of the factors used to assess a movant's "good cause" under Rule 55(c) weigh in favor of setting aside the entry of default, one weighs against it, and one is neutral. As such, good cause exists to set aside the entry of default against Defendants. Therefore, Defendants' Motion to Set Aside the Entry of Default [Doc. # 13] is GRANTED, and Plaintiff's Motion to Enter a Default Judgment [Doc. # 10] is DENIED.

This the 25th day of September, 2012

   /s/   N. Carlton Tilley, Jr.
Senior United States District Judge